IN THE UNITED STATES DISTRICT COURT
DISTRICT OF NORTH DAKOTA
WESTERN DIVISION

**KEVIN POWERS, Individually and on**      **PLAINTIFF**
**Behalf of All Others Similarly Situated**

vs.      No. 1:20-cv-____

**ROSSCO CRANE & RIGGING, INC.,**      **DEFENDANTS**
**ROSS KOVACH and JERE KOVACH**

### ORIGINAL COMPLAINT—COLLECTIVE ACTION

COMES NOW Plaintiff Kevin Powers ("Plaintiff"), individually and on behalf of all others similarly situated, by and through his attorney Josh Sanford of the Sanford Law Firm, PLLC, and for his Original Complaint—Collective Action against Rossco Crane & Rigging, Inc., Ross Kovach and Jere Kovach (collectively "Defendants" or "Defendant"), he does hereby state and allege as follows:

### I. PRELIMINARY STATEMENTS

1. Plaintiff, individually and on behalf of all others similarly situated, brings this collective action under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA"), the North Dakota Century Code § 34-06-01, *et seq.* ("N.D.C.C."), and the North Dakota Administrative Code § 46-02-07-01, *et seq.* ("N.D. Admin. Code"), as authorized generally by the N.D.C.C. § 28-32-02(1), and more specifically by N.D.C.C. § 34-06-03,[1] for declaratory judgment,

---

[1] The right to a private cause of action under this statutory scheme was confirmed in *Werlinger v. Champion Healthcare Corp.,* 1999 ND 173 (ND 1999).

monetary damages, liquidated damages, prejudgment interest, and costs, including reasonable attorneys' fees as a result of Defendants' failure to pay Plaintiff and all others similarly situated proper overtime compensation for all hours that Plaintiff and all others similarly situated worked over forty (40) each week.

2. Upon information and belief, for at least three (3) years prior to the filing of this Complaint, Defendant has willfully and intentionally committed violations of the FLSA and AMWA as described, infra.

## II. JURISDICTION AND VENUE

3. The United States District Court for the District of North Dakota has subject matter jurisdiction over this suit under the provisions of 28 U.S.C. § 1331 because this suit raises federal questions under the FLSA.

4. Plaintiff's claims under North Dakota state law form part of the same case or controversy and arise out of the same facts as the FLSA claims alleged in this Complaint. Therefore, this Court has supplemental jurisdiction over Plaintiff's North Dakota state law claims pursuant to 28 U.S.C. § 1367(a).

5. Defendants conduct business within the State of North Dakota, operating and managing a transportation and oil field equipment service in Ward County.

6. Venue lies properly within this Court under 28 U.S.C. § 1391(b)(1) and (c)(2), because the State of North Dakota has personal jurisdiction over Defendants, and Defendants therefore "reside" in North Dakota.

7.  Plaintiff was employed by Defendants at their facility located in the Western Division of the District of North Dakota.

8.  The acts alleged in this Complaint had their principal effect within the Western Division of the District of North Dakota, and venue is proper in this Court pursuant to 28 U.S.C. § 1391.

## II.   THE PARTIES

9.  Plaintiff is an individual and a resident and domiciliary of Williams County.

10. Separate Defendant Rossco Crane & Rigging, Inc. ("Rossco"), is a foreign business corporation registered to do business in North Dakota.

11. Rossco's registered agent for service is Search Company of North Dakota, LLC, at 1709 North 9th Street, Suite 3, Bismarck, North Dakota 58501.

12. Separate Defendant Ross Kovach ("R. Kovach") is an individual and resident and domiciliary of North Dakota.

13. Separate Defendant Jere Kovach ("J. Kovach") is an individual and resident and domiciliary of North Dakota.

## III.   FACTUAL ALLEGATIONS

14. Plaintiff repeats and re-alleges all previous paragraphs of this Complaint as though fully incorporated in this section.

15. R. Kovach is an owner, principal, officer and/or director of Rossco.

16. J. Kovach is an owner, principal, officer and/or director of Rossco.

17. R. Kovach and J. Kovach jointly manage and control the day-to-day operations of Rossco, including but not limited to the decision to not pay Plaintiff

and similarly situated employees an overtime premium for hours worked in excess of forty (40) per week.

18. Defendants have at least two (2) employees that handle, sell, or otherwise work on goods or materials that have been moved in or produced for commerce.

19. Defendants' annual gross volume of sales made or business done was not less than $500,000.00 (exclusive of excise taxes at the retail level that are separately stated) during each of the three calendar years preceding the filing of this complaint.

20. Defendants were Plaintiff's employer within the meaning of the FLSA, 29 U.S.C. § 203(d), the N.D.C.C. § 34-06-01(3), at all times relevant to this lawsuit.

21. Plaintiff was employed by Defendants as an hourly Crane Operator from August of 2016 until August of 2018, as a salaried Crane Operator from August of 2018 until March of 2020, and as a salaried Field Supervisor from March of 2020 until May of 2020.

22. At all times material herein, Plaintiff and those similarly situated have been entitled to the rights, protections and benefits provided under the FLSA.

23. At all times material herein, Plaintiff and similarly situated employees have been misclassified by Defendants as salaried employees and as exempt from the overtime requirements of the FLSA, 29 U.S.C. § 207.

24. At all relevant times herein, Defendants directly hired Plaintiff and similarly situated employees to work at its job sites, paid them wages and benefits, controlled their work schedules, duties, protocols, applications, assignments and employment conditions, and kept at least some records regarding their employment.

25. Crane Operators and Field Supervisors performed the same or similar primary job duties, exercised the same or similar level of authority, and worked the same or similar hours.

26. Crane Operators' and Field Supervisors' primary duties include operating cranes at job sites, inspecting rigging for safety, hooking rigs up to cranes, helping new operators with their work and reporting to the owner regarding their progress, and supervising job sites.

27. Crane Operators and Field Supervisors sometimes check that lift plans are filled out correctly and sign off on them.

28. As Crane Operators and Field Supervisors, Plaintiff and similarly situated employees did not have the authority to hire or fire any other employee, nor were their recommendations for hiring or firing given particular weight, nor did they exercise independent judgment as to matters of significance.

29. Plaintiff and similarly situated Crane Operators and Field Supervisors did not perform office or non-manual work as their primary duty.

30. Plaintiff and similarly situated Crane Operators and Field Supervisors did not manage the enterprise or a customarily recognized department or subdivision of the enterprise.

31. Plaintiff and similarly situated Crane Operators and Field Supervisors did not customarily and regularly direct the work of at least two other full-time employees.

32. Plaintiff and similarly situated Crane Operators and Field Supervisors were classic blue-collar workers, spending physical, demanding, long shifts working on and with machinery, and not in an office.

33. As Crane Operators and Field Supervisors, Plaintiff and similarly situated employees regularly worked over forty (40) hours per week.

34. Defendants failed to pay Plaintiff and similarly situated Crane Operators and Field Supervisors overtime premiums for hours worked over forty (40) in a week.

35. At all relevant times herein, Defendants have deprived Plaintiff and all other similarly situated Crane Operators and Field Supervisors of overtime compensation for all of the hours worked over forty (40) per week.

36. Defendants knew or showed reckless disregard for whether their actions violated the FLSA.

### IV. REPRESENTATIVE ACTION ALLEGATIONS

37. Plaintiff repeats and re-alleges all previous paragraphs of this Complaint as though fully incorporated in this section.

38. Plaintiff brings this claim for relief for violation of the FLSA as a collective action pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b), on behalf of all persons similarly situated as salaried Crane Operators or salaried Field Supervisors who were, are, or will be employed by Defendants within the

applicable statute of limitations period, who are entitled to payment of the following types of damages:

A. Regular wages and overtime premiums for all hours worked over forty (40) hours in any week;

B. Liquidated damages; and

C. Attorney's fees and costs.

39. Plaintiff proposes the following collective under the FLSA:

**All salaried Crane Operators and Field Supervisors in the past three years.**

40. In conformity with the requirements of FLSA Section 16(b), Plaintiff has filed or will soon file a written Consent to Join this lawsuit.

41. The relevant time period dates back three years from the date on which Plaintiff's Original Complaint—Collective Action was filed herein and continues forward through the date of judgment pursuant to 29 U.S.C. § 255(a), except as set forth herein below.

42. The members of the proposed FLSA collective are similarly situated in that they share these traits:

43. They were paid a salary;

44. They were misclassified as salaried employees;

45. They were not paid proper overtime wages as required by the FLSA;

46. They worked more than 40 hours in at least one week; and

47. They had substantially similar job duties, requirements, and pay provisions.

48. Plaintiff is unable to state the exact number of the collective but believes that there are at least two (2) other employees who worked as Crane Operators or Field Supervisors and were misclassified as salaried employees.

49. Defendants can readily identify the members of the collective, who are a certain portion of the current and former employees of Defendants.

50. The names and physical and mailing addresses of the probable FLSA collective action plaintiffs are available from Defendants.

51. The email addresses of many of the probable FLSA collective action plaintiffs are available from Defendants.

## V. FIRST CAUSE OF ACTION
### (Individual Claim for Violation of the FLSA)

46. Plaintiff repeats and re-alleges all previous paragraphs of this Complaint as though fully incorporated in this section.

47. Plaintiff asserts this claim for damages and declaratory relief pursuant to the FLSA, 29 U.S.C. § 201, *et seq.*

48. At all times relevant to this Complaint, Defendants have been Plaintiff's "employer" within the meaning of the FLSA, 29 U.S.C. § 203.

49. 29 U.S.C. §§ 206 and 207 requires employers to pay all employees a minimum wage for all hours worked up to forty (40) in one week and to pay one and one-half times regular wages for all hours worked over forty (40) hours in a week, unless an employee meets certain exemption requirements of 29 U.S.C. § 213 and all accompanying Department of Labor regulations.

50. While Plaintiff worked as a salaried Crane Operator and a salaried Field Supervisor, Defendants misclassified Plaintiff as exempt from the overtime requirements of the FLSA.

51. Despite the entitlement of Plaintiff to overtime payments under the FLSA, Defendants failed to pay Plaintiff an overtime rate of one and one-half times his regular rate of pay for all hours worked over forty (40) in each week.

52. Defendants' failure to pay Plaintiff all overtime wages owed was willful.

53. By reason of the unlawful acts alleged herein, Defendants are liable to Plaintiff for monetary damages, liquidated damages, and costs, including reasonable attorneys' fees, for all violations that occurred within the three (3) years prior to the filing of this Complaint.

54. Defendants have not acted in good faith nor with reasonable grounds to believe its actions and omissions were not a violation of the FLSA, and, as a result thereof, Plaintiff is entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid minimum wage and unpaid overtime premium pay described above pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b).

55. Alternatively, should the Court find that Defendants acted in good faith in failing to pay Plaintiff as provided by the FLSA, Plaintiff is entitled to an award of prejudgment interest at the applicable legal rate.

## VI.   SECOND CAUSE OF ACTION
### (Individual Claim for Violation of the N.D. Admin. Code)

56.   Plaintiff repeats and re-alleges all previous paragraphs of this Complaint as though fully incorporated in this section.

57.   Plaintiff asserts this claim for damages and declaratory relief pursuant to the N.D. Admin. Code § 46-02-07-02, *et seq*.

58.   At all times relevant to this Complaint, Defendants were Plaintiff's "employer" within the meaning of the N.D.C.C. § 34-06-01(3).

59.   N.D. Admin. Code § 46-02-07-02(4) requires employers to pay overtime pay at one and one-half times the regular rate of pay to any employee for hours worked in excess of forty (40) hours in any one week, unless an employee meets exemption requirements.

60.   While Plaintiff worked as a salaried Crane Operator and a salaried Field Supervisor, Defendants misclassified Plaintiff as exempt from the overtime requirements of the N.D.C.C. and the N.D. Admin. Code.

61.   Despite the entitlement of Plaintiff to overtime payments under the N.D.C.C. and the N.D. Admin Code, Defendants failed to pay Plaintiff an overtime rate of one and one-half times his regular rate of pay for all hours worked over forty (40) in each week.

62.   Defendants' failure to pay Plaintiff all overtime wages owed was willful.

63.   By reason of the unlawful acts alleged herein, Defendants are liable to Plaintiff for monetary damages, interest at the maximum rate allowable under North Dakota law pursuant to N.D.C.C. § 34-14-09(1), double or treble damages

pursuant to N.D.C.C. § 34-14-09.1(2), and costs, including reasonable attorneys' fees, for all violations that occurred within the two (2) years prior to filing this complaint.

64. Defendants have not acted in good faith nor with reasonable grounds to believe its actions and omissions were not a violation of the N.D.C.C. and the N.D. Admin. Code, and, as a result thereof, Plaintiff and similarly situated employees are entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid overtime premium pay described above.

65. Alternatively, should the Court find that Defendants acted in good faith in failing to pay Plaintiff and the collective members as provided by the N.D.C.C. and the N.D. Admin. Code, they are entitled to an award of prejudgment interest at the applicable legal rate.

## VII. THIRD CAUSE OF ACTION
### (Collective Action Claim for Violation of the FLSA)

66. Plaintiff repeats and re-alleges all previous paragraphs of this Complaint as though fully set forth herein.

67. Plaintiff asserts this claim for damages and declaratory relief on behalf of all similarly situated employees pursuant to the FLSA, 29 U.S.C. § 201, *et seq.*

68. At all times relevant to this Complaint, Defendants have been the "employer" of Plaintiff and similarly situated employees within the meaning of the FLSA, 29 U.S.C. § 203.

69. 29 U.S.C. §§ 206 and 207 require employers to pay all employees a minimum wage for all hours worked up to forty (40) in one week and to pay one

and one-half times regular wages for all hours worked over forty (40) hours in a week, unless an employee meets certain exemption requirements of 29 U.S.C. § 213 and all accompanying Department of Labor regulations.

70. Defendants misclassified Plaintiff and similarly situated salaried Crane Operators and Field Supervisors as exempt from the overtime requirements of the FLSA.

71. Despite the entitlement of Plaintiff and similarly situated salaried Crane Operators and Field Supervisors to overtime payments under the FLSA, Defendants failed to pay Plaintiff and similarly situated salaried Crane Operators and Field Supervisors an overtime rate of one and one-half times their regular rate of pay for all hours worked over forty (40) in each week.

72. Defendants' failure to pay Plaintiff and similarly situated salaried Crane Operators and Field Supervisors all overtime wages owed was willful.

73. By reason of the unlawful acts alleged herein, Defendants are liable to Plaintiff and similarly situated salaried Crane Operators and Field Supervisors for monetary damages, liquidated damages, and costs, including reasonable attorneys' fees, for all violations that occurred within the three (3) years prior to the filing of this Complaint.

74. Defendants have not acted in good faith nor with reasonable grounds to believe their actions and omissions were not a violation of the FLSA, and, as a result thereof, Plaintiff and similarly situated salaried Crane Operators and Field Supervisors are entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid minimum wage and unpaid overtime

premium pay described above pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b).

75. Alternatively, should the Court find that Defendants acted in good faith in failing to pay Plaintiff and similarly situated salaried Crane Operators and Field Supervisors as provided by the FLSA, Plaintiff and similarly situated salaried Crane Operators and Field Supervisors are entitled to an award of prejudgment interest at the applicable legal rate.

## VII.  PRAYER FOR RELIEF

WHEREFORE, premises considered, Plaintiff Kevin Powers, individually and on behalf of all others similarly situated, respectfully prays as follows:

A. That each Defendant be summoned to appear and answer this Complaint;

B. That Defendants be required to account to Plaintiff, the collective members, and the Court for all monies paid to Plaintiff and the collective members;

C. A declaratory judgment that Defendants' practices alleged herein violate the FLSA;

D. A declaratory judgment that Defendants' practices alleged herein violate the N.D.C.C. and the N.D. Admin. Code;

E. Certification of, and proper notice to, together with an opportunity to participate in the litigation, the class of all qualifying current and former employees;

F. Judgment for damages for all unpaid overtime wage compensation owed under the FLSA;

G. Judgment for damages for all unpaid overtime wage compensation owed under the N.D.C.C. and the N.D. Admin. Code;

H. Judgment for liquidated damages pursuant to the FLSA;

I. Judgment for liquidated damages pursuant to the N.D.C.C. and the N.D. Admin. Code;

J. An order directing Defendants to pay Plaintiff and members of the collective prejudgment interest, reasonable attorney's fees and all costs connected with this action;

K. For a reasonable attorney's fee, costs, and pre-judgment interest; and

L. Such other and further relief as this Court may deem just and proper.

Respectfully submitted,

**KEVIN POWERS, Individually and on Behalf of All Others Similarly Situated, PLAINTIFF**

SANFORD LAW FIRM, PLLC
ONE FINANCIAL CENTER
650 SOUTH SHACKLEFORD, SUITE 411
LITTLE ROCK, ARKANSAS 72211
TELEPHONE: (501) 221-0088
FACSIMILE: (888) 787-2040

_____
Josh Sanford
Ark. Bar No. 2001037
josh@sanfordlawfirm.com